IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| IRENE HODGES, as Administrator of the Estate of SHERINA HODGES, deceased, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | Civil Action No.:  2:08-CV-35-WKW<br>) |
| INSTITUTIONAL JOBBERS COMPANY d/b/a THE I J COMPANY and MARK ANTHONY FOGARTY, | )<br>)<br>)<br>) |
| Defendant. | ) |

## **ANSWER**

Defendant, Mark Anthony Fogarty ("Fogarty" or "Defendant"), files the following Answer to plaintiff, Irene Hodges' ("Hodges" or "Plaintiff") Complaint.

1. Defendant denies any liability under the Alabama Wrongful Death Act, Ala. Code § 6-5-410, but admits that this is an action in which Plaintiff seeks to recover under said Act.  Defendant has insufficient information to either admit or deny the remaining allegations in Paragraph 1, and, therefore, denies same, and calls for strict proof thereof.

## JURISDICTION

2. Defendant admits that this court has subject-matter jurisdiction of this action under 28 USC § 1332(a) based upon diversity of citizenship.

## VENUE

3. Defendant admits that venue is proper in this court.

## PARTIES

4. Defendant has insufficient information to either admit or deny the allegations in Paragraph 4.

5. Admitted.

6. Admitted.

## FACTS

7. Defendant admits that on November 16, 2007, he was operating an Institutional Jobbers Food Service Company, Inc. ("IJ") tractor-trailer on I-65 South in Chilton County, Alabama.

8. Defendant has insufficient information to either admit or deny the allegations in Paragraph 8, and, therefore, denies same, and calls for strict proof thereof.

9. Defendant admits that he was operating the IJ tractor in the line and scope of his employment.

## COUNT ONE – WRONGFUL DEATH

10. Defendant reasserts and incorporates by reference each and every denial and answer set forth in the preceding paragraphs, as if fully set forth herein.

11. Defendant denies the allegations in Paragraph 11.

12. Defendant denies the allegations in Paragraph 12.

13. Defendant denies the allegations in Paragraph 13.

14. Defendant denies the allegations in Paragraph 14.

15. Defendant denies the allegations in Paragraph 15.

16. Defendant denies the allegations in Paragraph 16.

17. Defendant denies the allegations in Paragraph 17.

18. Defendant denies the allegations in Paragraph 18.

Defendant denies that the Plaintiff is entitled to the relief requested in the prayer for relief that begins with "WHEREFORE," or any other relief whatsoever, against it. Defendant further denies each allegation contained in the Complaint not previously specifically admitted, denied or qualified.

## DEFENSES

1. Plaintiff failed to state a claim upon which relief may be granted.

2. Plaintiff's decedent was contributorily negligent.

3. Plaintiff's decedent assumed the risk of injury.

4. Any injuries visited upon the Plaintiff or the Plaintiff's decedent were not the proximate result of any action or inaction of the part of the Defendant, but were instead the result of an intervening or superseding cause.

5. Plaintiff failed to join persons needed for a just adjudication.

6. Defendant did not breach any duty owed to Plaintiff or Plaintiff's decedent.

7. An award of punitive damages in this action would violate the due process and equal protection rights of the Defendant pursuant to Amendment XIV of the Constitution of the United States of America. Alabama's laws regarding punitive damages are not reasonably related to any legitimate governmental purpose nor narrowly tailored to effectuate their purpose. Said laws do not provide Defendant with sufficient notice of (a) the type of conduct that may result in an award of punitive damages or (b) the amount of punitive damages that might be awarded as a result of particular types of conduct. Instructions given to jurors provide no meaningful limitations on the amount of damages that may be awarded and no constraint on the jury's award. Appellate review pursuant to Alabama law is not sufficient to correct

the lack of due process and equal protection inherent in the lack of meaningful constraint on the instruction to the jury at the trial.

8. Plaintiff's claim for punitive damages would violate Defendant's rights under the Fourth, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments of the Constitutions of the United States of America and Article I, Sections 1, 2, 6, 11, 13, 15, 27, and 35 of the Constitution of Alabama.

9. Defendant reserves the right to assert any such additional defenses as may arise during their investigation or otherwise during the course of this litigation.

/s/ Julie C. Metheny
David B. Hall
Julie C. Metheny
Attorneys for Defendant

OF COUNSEL:
BAKER, DONELSON, BEARMAN,
 CALDWELL & BERKOWITZ, P.C.
420 North 20th St., Ste. 1600
Birmingham, AL  35203
(205)328-0480 Telephone
(205)322-8007 Facsimile

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 19, 2008, the foregoing has been electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing, to the following counsel of record:

Lanny S. Vines
Robert P. Bruner
LANNEY VINES & ASSOCIATES, LLC
2142 Highland Ave. S.
Birmingham, AL  35205-4002

Jim L. DeBardelaben
1505 Madison Ave.
Montgomery, AL  36101-0152

                                          /s/  Julie C. Metheny
                                          OF COUNSEL