IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| IRENE HODGES, as Administrator of the Estate of SHERINA HODGES, deceased,<br><br>Plaintiff,<br><br>v.<br><br>INSTITUTIONAL JOBBERS COMPANY d/b/a THE I J COMPANY and MARK ANTHONY FOGARTY,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No.: 2:08-CV-35-WKW<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MOTION FOR QUALIFIED HIPAA PROTECTIVE ORDER

COME NOW Defendants, and respectfully request this Court to enter a Qualified HIPAA Protective Order in this matter. As grounds for their motion, Defendants state as follows:

1. Plaintiff filed her complaint in this matter on January 15, 2008 as Administrator of the Estate of Sherina Hodges. The complaint was filed as a result of a motor vehicle accident occuring on November 16, 2007. *See* Complaint at ¶ 1.

2. Defendants seek to obtain records of certain medical providers of Sherina Hodges. These records are relevant and material in that they may provide information as to the nature of any medical problems of Ms. Hodges prior to the accident in question.

1

3. Under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), protected health information can be produced pursuant to a Qualified HIPAA Protective Order. *See* 45 C.F.R. 164.512(e). Accordingly, Defendants attach a proposed Qualified HIPAA Protective Order to this motion for the Court's consideration.

WHEREFORE, premises considered, Defendants respectfully request this Court enter the Qualified HIPAA Protective Order attached hereto as **Exhibit A**.

    Respectfully Submitted,

    /s/ David B. Hall
    David B. Hall
    Julie C. Metheny

**OF COUNSEL:**
BAKER, DONELSON, BEARMAN,
  CALDWELL & BERKOWITZ, P.C.
420 N. 20th St., Ste. 1600
Birmingham, AL 35203
(205)328-0480 Telephone
(205)322-8007 Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2008, the foregoing has been electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing, to the following counsel of record:

Lanny S. Vines
Robert P. Bruner
LANNEY VINES & ASSOCIATES, LLC
2142 Highland Ave. S.
Birmingham, AL  35205-4002

Jim L. DeBardelaben
1505 Madison Ave.
Montgomery, AL  36101-0152

/s/  David B. Hall
OF COUNSEL

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| IRENE HODGES, as Administrator of the Estate of SHERINA HODGES, deceased,<br><br>Plaintiff,<br><br>v.<br><br>INSTITUTIONAL JOBBERS COMPANY d/b/a THE I J COMPANY and MARK ANTHONY FOGARTY,<br><br>Defendants. | Civil Action No.: 2:08-CV-35-WKW |

## QUALIFIED HIPAA PROTECTIVE ORDER

The parties are hereby granted the right, upon compliance with the applicable discovery provisions of the Federal Rules of Civil Procedure and the orders of this court, to obtain from any health care provider, health plan, or other entity covered by the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1336 (1996) ("HIPAA"), any and all information relating to the past, present, or future medical condition of any individual who is a party to this action (or the decedent or ward of a party who sues in a respective capacity), as well as any and all information relating to the provision of health care to such individual and payment for the provision of such health care.

B KDH 777986 v1
2832098-000052 3/24/2008

This order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose the Protected Health Information in response to such request or subpoena. This order is intended to authorize such disclosures under the privacy regulations issued pursuant to HIPAA. 45 C.F.R. § 164.512(e)(1)(i).

The parties are expressly prohibited from using or disclosing the protected health information obtained pursuant to this order for any purpose other than this action. Further, the parties are ordered to either return to the covered entity from whom or which such protected health information was obtained, or to destroy the protected health information (including all copies made), immediately upon conclusion of this action. See 45 C. F. R. §§ 163.502(b); 164.512(e)(1)(v).

DONE and ORDERED this _____ day of _____, 2008.

_____
United States District Judge