IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| IRENE HODGES, as Administrator of the Estate of SHERINA HODGES, deceased, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) 2:08-CV-00035-WKW ) |
| INSTITUTIONAL JOBBERS COMPANY d/b/a THE I J COMPANY and MARK ANTHONY FOGARTY, | ) ) ) ) ) |
| Defendants. | ) |

PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTION TO SCHEDULING ORDER

COMES NOW, Plaintiff by and through undersigned counsel of record and responds to the defendants Objection to Scheduling Order (Doc 20). For the following reason defendants' request in said objection should be summarily denied.

1. At the parties' planning meeting the undersigned specifically negotiated and agreed to a proposed scheduling order that did not include a limit on FRCP Rule 34 requests for production. The undersigned remembers mentioning this specifically as a matter not negotiable on behalf of the plaintiff. In fact plaintiff counsel recalls agreeing to a limit of 45 requests for admission *only if* no limit was placed on Rule 34 requests.

2. It was this agreed order that defense counsel signed and submitted to this court jointly with the plaintiff. No draft of the report of parties planning meeting ever included a limit on Rule 34 requests.

3. For the forgoing reasons, from the plaintiff's perspective, a limitation on requests for production was not "mistakenly" omitted from the Report of Parties Planning meeting as stated in defendants' objection.

4. This is confirmed by the fact that plaintiff has served more than 45 requests for production on one of the defendants on March 19, 2008.

5. No effort was made to contact plaintiff's counsel prior to the defendants filling their objection (Doc. 20) to determine whether their requested limit was actually "inadvertently left out" of the report of parties' planning meeting.

6. After the parties planning meeting wherein, plaintiff understood that the parties were in agreement that no limit would be placed on Rule 34 requests, plaintiff drafted and served in excess of 45 requests for production on the corporate defendant. This was done on March 19, 2008. The defendants have never contacted plaintiff's counsel or sought to correct this alleged "inadvertence" until now.

7. This is a wrongful death case involving an 18-wheeler. Many documents are required to be kept in the course of the corporate defendant's business which are directly relevant to plaintiff's claims, let alone discoverable. Not only would the defendants requested limit render some of plaintiffs already served requests (served almost three weeks ago) nullities but it would also cut off plaintiff's ability to serve critical Rule 34 requests as follow-up to other discovery yet to take place. A limit on request for production would unfairly hamper plaintiff's ability to obtain these documents.

8. As the defendants know their requested limit does not "cut both ways" virtually all of the relevant documents in this case are in the defendants' possession. There will be few if any discoverable documents in plaintiff's possession.

9. If the Court grants defendants' request then the defendants' will object to and refuse to answer any Rule 34 request in excess of the number they now belatedly request plaintiff be limited to. As noted above plaintiff would have never agreed to a limit of 45 Rule 34 request to begin with and would have taken up with the court any such insistence on the matter by the defendants. Had the court then required plaintiff be limited to 45 Rule 34 requests plaintiff would then have drafted said request differently than her first 45 request that defendants now seek to limit plaintiff to.

10. Unlike interrogatories the FRCP do not place a limit on the number of requests for production a party may serve. There is no requirement that this Court limit the number of Rule 34 requests. Any such limit is left to the sole discretion of the Court. For this court to do so now, especially now after the parties agreed otherwise and plaintiff has already served her requests (almost three weeks ago), would unnecessarily delay the case to plaintiff's detriment.

11. Plaintiff's counsel is willing to work with defendants on any specific discovery disputes and is open to discussing the same with defense counsel without involving the court. This matter was not, however, brought to plaintiff counsel's attention prior to the filing of defendant's objection. Even if defendants did not remember the undersigned's specific insistence that Rule 34 requests not be limited, the fact that plaintiff served more than 45 requests should have been a clue that plaintiff had not agreed to a limit of 45 requests and that therefore, (at least from plaintiff's point of view) the omission of a limit from the report of parties' planning meeting was not a "inadvertent."

WHEREFORE PREMISES CONSIDERED, Plaintiff requests this court deny outright defendants objection to the scheduling order and that *no* alteration be made to said scheduling order.

                                                        s/ Robert P. Bruner
                                                        LANNY S. VINES (VIN002)
                                                        ROBERT P. BRUNER (BRU029)

**OF COUNSEL:**

**LANNY VINES & ASSOCIATES, LLC**
2142 Highland Avenue South
Birmingham, Alabama 35205-4002
Tel:   205-933-1277
Fax:  205-933-1272

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing has been filed on this the 8th day of April, 2008, and served via facsimile and U.S. Mail, postage prepaid, upon the following counsel of record:

DAVID B. HALL
JULIE C. METHENY
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
420 North 20th St., Suite 1600
Birmingham, Alabama 35203

                                                s/ Robert P. Bruner
                                                OF COUNSEL