IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| IRENE HODGES, as Administrator of the Estate of SHERINA HODGES, deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | Civil Action No.:  2:08-CV-35-WKW ) ) |
| INSTITUTIONAL JOBBERS COMPANY d/b/a THE I J COMPANY and MARK ANTHONY FOGARTY, | ) ) ) ) |
| Defendants. | ) |

## REPLY TO PLAINTIFF'S RESPONSE TO OBJECTION TO SCHEDULING ORDER

COME NOW Defendants Institutional Jobbers, Inc. ("IJ") and Mark Anthony Fogarty ("Fogarty") (collectively "Defendants"), and reply to Plaintiff's Response to Defendants' Objections to the Scheduling Order entered on March 25, 2008.

1.  In Plaintiff's first salvo of written discovery, she propounded over eighty (80) requests for production on Defendant IJ.[1]

2.  It is standard practice to limit the number of production requests to that of the number of interrogatories.

3.  As Plaintiff indicates in her Response, this is a wrongful death case. It is not a fraud case. It arises out of a traffic accident wherein the Plaintiff's

---

[1] This number does not include the additional production requests to Defendant Mark Fogarty

1

decedent was determined to have a blood alcohol level of .18 along with active cocaine and cocaine metabolite in her system. The Defendant Fogarty was tested for drugs and alcohol after the accident and the test results were all negative.

4. Moreover, Plaintiff's counsel has inspected the Defendants' equipment along with Plaintiff's experts. There is no defect in the equipment. Despite this knowledge, Plaintiff has unnecessarily propounded canned interrogatories directed to all of these issues.

5. Although the Defendants recognize the Plaintiff's need to engage in reasonable discovery, exposing Defendants to *unlimited* requests for production opens them up to unnecessary costs, expense and inconvenience; as well as the potential for harassment[2].

6. This case does not require eighty (80) requests for production let alone subjecting Defendants to *unlimited* requests for production.

7. Therefore, Defendants respectfully request that this Court set a limit on the reasonable number of requests for production that can be propounded to Defendants in its discretion.

---

[2] Plaintiff's counsel complains that Defendants' counsel failed to contact him about the omission of a limit on requests for production, however, he concedes in his Response that the call would have been pointless because he wouldn't have limited the number to begin with.

                Respectfully Submitted,

                /s/  Julie C. Metheny
                David B. Hall
                Julie C. Metheny

**OF COUNSEL:**
BAKER, DONELSON, BEARMAN,
 CALDWELL & BERKOWITZ, P.C.
420 N. 20th St., Ste. 1600
Birmingham, AL  35203
(205)328-0480 Telephone
(205)322-8007 Facsimile

## CERTIFICATE OF SERVICE

   I hereby certify that on April 9, 2008, the foregoing has been electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing, to the following counsel of record:

Lanny S. Vines
Robert P. Bruner
LANNEY VINES & ASSOCIATES, LLC
2142 Highland Ave. S.
Birmingham, AL  35205-4002

Jim L. DeBardelaben
1505 Madison Ave.
Montgomery, AL  36101-0152

                /s/  Julie C. Metheny
                OF COUNSEL