IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| IRENE HODGES, as Administrator of the Estate of SHERINA HODGES, deceased, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>INSTITUTIONAL JOBBERS )<br>COMPANY d/b/a THE I J COMPANY )<br>and MARK ANTHONY FOGARTY, )<br>)<br>Defendants. ) | 2:08-CV-00035-WKW |

### PLAINTIFF'S RESPONSE TO DEFENDANTS' REPLY

COMES NOW the plaintiff by and through undersigned counsel of record and issues the following response to defendants' reply (Doc. 22) and in opposition to defendants' objection states as follows:

1. Plaintiff is compelled to respond to the defendants' continuing efforts to re-write this Court's scheduling order after its entry.

2. In paragraph three of defendants' reply they characterize this case a simple auto accident for which little discovery is necessitated on plaintiff's behalf. To the contrary plaintiff's case is going to be very document intensive.[1] The narrative portion the Alabama Uniform Traffic Accident Report pertaining to this accident states that *"It is the opinion of this investigator that [the defendant tractor-trailer driver] may have been fatigued/drowsy which may have contributed to the collision"* Based on this and other preliminary information plaintiff anticipates that much discovery will be required concerning the defendant tractor trailer drivers compliance and/or non-compliance with

---

[1] Defendants inject the results of a toxicology report of plaintiff's decedent in a blatant attempt to bias this court against plaintiff's claims. Nothing about that report has any even remote connection to how many document requests plaintiff should be allowed. What defendants fail to mention is that their tractor trailer struck the vehicle of plaintiff's decedent from behind and they currently have no evidence that the presence of these substance (if the report is accurate and they are present) in the decedent's body had any causal relation whatsoever to the crash.

the hours of service regulations and the corporate defendants' notice thereof. These issues are particularly relevant to motor carries hauling refrigerated/spoilable goods as these defendants were at the time of the subject crash.

3. With respect to these issues, many of the documents created in the course of a motor carriers business evidence a driver's record of compliance. For example documents concerning the defendants' equipment (deemed irrelevant in paragraph 4 of defendants' reply) often locate a truck and/or trailer at a certain time and place and may provide the mileage on that piece of equipment at a given time. In addition because the defendant driver was driving with a "co-driver" or "team-driver" that was also in the cab at the time of the accident, discovery of that individual's records will also be necessary.

4. Plaintiff has offered to address defendants concerns about specific discovery requests. Plaintiff is open to deferring or eliminating some requests upon discussion of the matter with defense counsel. Plaintiff made this offer in the attached e-mail and defense counsel has agreed to make attempt to work this out between the parties. (*see* e-mail at exhibit A).

5. The undersigned also believes that plaintiff could agree to some limit on an overall number of requests provided that two matters are taken into account: (1) plaintiff does not want her already served requests arbitrarily limit to the number requested by the defendants nearly three weeks after they were served, and (2) Plaintiff must be able to serve document request going forward as follow-up to yet to be completed discovery.

6. The appropriate way for this matter to be handled is by objection to plaintiff's discovery requests which can then be addressed in a motion to compel by plaintiff if necessary. The parties are then subject to the FRCP and the rules of this district requiring that they make an effort to work the matter out between them before seeking the court's involvement. As noted above the parties have already agreed to try to work out the current dispute.

7. In contrast a belated alteration of the scheduling order as requested by defendants would force a re-drafting and re-service of plaintiffs Rule-34 requests and cause unnecessary delay severely limiting plaintiff's ability to comply with the deadlines in the Court's scheduling order.

WHEREFORE PREMISES CONSIDERED, Plaintiff requests this honorable court reject defendants request to amend the scheduling order or in the alternative defer ruling on the matter until the parties have had an opportunity to confer on the matter at issue and see if it can be worked out without the Court's involvement.

s/ Robert P. Bruner<br>
LANNY S. VINES (VIN002)<br>
ROBERT P. BRUNER (BRU029)

**OF COUNSEL:**

**LANNY VINES & ASSOCIATES, LLC**
2142 Highland Avenue South
Birmingham, Alabama 35205-4002
Tel:   205-933-1277
Fax:   205-933-1272

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been filed on this the 10th day of April, 2008, and served via facsimile and **e-filing/e-mail**:

DAVID B. HALL
JULIE C. METHENY
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
420 North 20th St., Suite 1600
Birmingham, Alabama 35203

s/ Robert P. Bruner<br>
OF COUNSEL

# EXHIBIT A

**Nancy Phillips**

**From:** Bo Bruner
**Sent:** Thursday, April 10, 2008 10:31 AM
**To:** Metheny, Julie Cottingham; Hall, David
**Cc:** Lanny Vines
**Subject:** Discovery Dispute

Julie and David,

I am in Nashville and am not in a position to look at my discovery. I would be open to listening to any problems you have with specific requests for production. There may be some that on discussion we can defer or eliminate. I also will agree to pay your client's reasonable expenses incurred in responding to them. Neither would I disagree with setting some overall reasonable limit.

What I will not agree to do is arbitrarily limit to a specific number requests I have already served after the fact. This means some of the most important discovery will not be responded to merely because it was placed later in the document. What I also cannot agree to do is limit our ability to issue some document requests as discovery proceeds. As you know, there is always discovery that cannot be anticipated until depositions are taken or other discovery is complete.

I will be in the office tomorrow and able to discuss this if you wish.

Bo Bruner

Lanny Vines & Associates
2142 Highland Ave South
Birmingham, AL 35205-4002

Telephone: (205) 933-1277
Toll Free:  (866) 989-9891
Fax:        (205) 933-1272
www.lannyvines.com

4/10/2008