IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| IRENE HODGES, as Administrator of the Estate of SHERINA HODGES, deceased,<br><br>                Plaintiff,<br><br>v.<br><br>INSTITUTIONAL JOBBERS COMPANY d/b/a THE I J COMPANY and MARK ANTHONY FOGARTY,<br><br>                Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No.: 2:08-CV-35-WKW<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE EXPERT REPORTS**

The Defendants respectfully move this Court, pursuant to Rule 403 of the Federal Rules of Evidence, for an Order, in advance of trial prohibiting the Plaintiff from introducing documentary evidence in the form of expert reports of expert witnesses actually appearing at trial. For the reasons explained below, such evidence is cumulative and inadmissible under Rule 403 of the Federal Rules of Evidence.

**I.      Standards**

1. The purpose of a motion *in limine* is to prevent the introduction at trial of evidence which is deemed improper either by statute or common law. *Luce v. US*, 469 US 38, 40 (1984). Motions *in limine* may also be used to exclude irrelevant or

1

immaterial matters and to exclude evidence when its probative value is outweighed by the danger of unfair prejudice as outlined in the *Federal Rules of Evidence*.

2. In evaluating whether specific material is properly excludable pursuant to an *in limine* motion, it is necessary to determine whether the rules of evidence call for the exclusion and, if not, whether the relevance, materiality and/or probative value of the evidence is outweighed by its prejudicial effect. *Federal Rules of Evidence*, 401-403.

## II. The Expert Reports are Inadmissible.

3. Defendants believe that Plaintiff will attempt to introduce expert reports.

4. Where this expert is expected to testify at trial, there is no basis for admitting his expert report into evidence as it will only be cumulative under Rule 403. The Eleventh Circuit has routinely excluded expert reports on this basis. *See McMahan Securities Co. L.P. v. FB Foods, Inc.,* 2007 WL 473666 (M.D. Fla) (allowing an expert to testify at trial, but excluding his report from the evidence); and *TR Information Publishers v. Randal Publishing Co., Inc.,* 2006 WL 5112615 (M.D. Fla. 2006) (stating that the court does not typically admit expert reports on the basis of their being cumulative). Therefore, the expert reports of testifying experts are due to be excluded pursuant to Federal Rule of Evidence 403.

## III. Conclusion.

For all of the reasons stated herein, and pursuant to Rule 403 of the Federal Rules of Evidence, the Defendants respectfully request that the Court enter an Order prohibiting Plaintiffs from introducing documentary evidence in the form of expert reports for testifying experts.

/s David B. Hall
David B. Hall
Lawrence B. Clark
Sara M. Turner
Attorneys for the Defendants

**OF COUNSEL:**
BAKER, DONELSON, BEARMAN,
 CALDWELL & BERKOWITZ, P.C.
420 N. 20th St., Ste. 1600
Birmingham, AL  35203
(205)328-0480 Telephone
(205)322-8007 Facsimile

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 17, 2009, the foregoing has been filed via this Court's CM/ECF system, which will send electronic notification to the following counsel of record:

Lanny S. Vines
Robert P. Bruner
LANNY VINES & ASSOCIATES, LLC
2142 Highland Ave. S.
Birmingham, AL  35205-4002

Jim L. DeBardelaben
1505 Madison Ave.
Montgomery, AL  36101-0152

                                           /s  David B. Hall
                                           OF COUNSEL